GARCIA HERNÁNDEZ SAWHNEY, LLP
Geoffrey T. Tong (SBN 140312)
  *gtong@ghslaw.com*
Alex C. Sears (SBN 232491)
  *asears@ghslaw.com*
330 N. Brand Blvd., Suite 680
Glendale, California 91203
Tel: (213) 347-0210
Fax: (213) 347-0216

*Attorneys for Defendant*
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GENOVEVA G. MORENO, ESTEBAN MORENO, <br><br> Plaintiffs, <br><br> v. <br><br> CHUBB LIFE INSURANCE COMPANY OF AMERICA; LINCOLN FINANCIAL GROUP, LINCOLN NATIONAL LIFE INSURANCE COMPANY, JEFFERSON PILOT FINANCIAL INSURANCE COMPANY, and DOES 1 to 100, <br><br> Defendants. | Case No.: <br><br> **DEFENDANT'S NOTICE OF REMOVAL OF A CIVIL ACTION (DIVERSITY)** <br><br> [DIVERSITY—28 U.S.C. §§ 1332, 1367, 1441] <br><br> [Santa Cruz Superior Court Case No.: 23CV00816] <br><br> [Concurrently filed with the Declaration of Sherry Smith] |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("Lincoln National" or "Defendant") hereby submits this Notice of Removal.

Defendant hereby removes this action from the Superior Court of California, County of Santa Cruz to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1332 and 1441. Under 28 U.S.C. section 1441(a), cases filed in state court may be removed to a federal district court where the district courts have original subject matter jurisdiction over the case. The Court has original subject matter jurisdiction over this action because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1).

The Declaration of Sherry Smith ("Smith Decl.") is filed concurrently in support of this Notice of Removal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. On April 10, 2023, Plaintiffs Genoveva G. Moreno and Esteban Moreno ("Plaintiffs") filed a Complaint in the Superior Court of California, County of Santa Cruz, and thereby initiated an action against Defendants.[1] A true and correct copy of

---

[1] The Complaint also names as Defendants "Chubb Life Insurance Company of America," "Lincoln Financial Group," and "Jefferson Pilot Financial Insurance Company." As set forth more fully below in this Notice and in the concurrently filed Declaration of Sherry Smith, "Lincoln Financial Group" is a marketing name and not a legal entity. "Chubb Life Insurance Company of America" has been merged into "Jefferson Pilot Financial Insurance Company," which has been merged in The Lincoln National Life Insurance Company.

1
**NOTICE OF REMOVAL**

the Complaint, together with all other process and orders served on Defendants, is submitted as Exhibit A to this Notice ("Exh. A"), per 28 U.S.C. § 1446(a).

2. This dispute arises out of a life insurance policy (Policy No. 659032932 ("Policy")) issued by Chubb Life Insurance Company of America ("Chubb Life") to plaintiff Esteban Moreno, as policy owner ("Owner"), and insuring plaintiff Genoveva G. Moreno ("Insured"), on or about June 6, 1998. (Exh. A, ¶ 7.) After the issuance date of the Policy, Chubb Life merged into Jefferson Pilot Financial Insurance Company ("Jefferson Pilot), which has merged into Lincoln National. (Smith Decl., ¶¶ 4-6.) The initial face amount of the Policy was $25,000. (Exh. A, ¶ 12.)

3. The Complaint further alleges that Defendants canceled the Policy prior to its maturity date and refused to reinstate the Policy. (Exh. A, ¶¶ 8-10.)

4. The Complaint seeks general damages in the amount of $10 million, special damages in the amount of $10 million, and treble damages in the amount of $30 million. (Exh. A, p. 10, Prayer for Relief ¶¶ 1-3.)

5. The Complaint further alleges that Plaintiffs are entitled to attorneys' fees, and exemplary and punitive damages. (Exh. A, p. 10, Prayer for Relief ¶ 4.)

## II. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely because it was filed within 30 days after the Complaint was first received by Lincoln National, which occurred no earlier than October 19, 2023. (Smith Decl. ¶ 8.) *See* 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal"); *see also* 28 U.S.C. § 1454(b)(2).

7. To the extent necessary, Chubb Life and Jefferson Pilot join in this Notice of Removal.

## III. GROUNDS FOR REMOVAL

8. <u>Diversity Jurisdiction (L.R. 3-5(a))</u>: Cases filed in state court may be removed to federal district court where the district courts have original subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). Original subject matter jurisdiction includes jurisdiction based on diversity of citizenship, which exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between: (1) citizens of different states…" 28 U.S.C. § 1332(a)(1). Under 28 U.S.C. § 1367(a), the District court may exercise supplemental jurisdiction over all other related claims that form part of the same case or controversy.

9. <u>Plaintiffs' Citizenship</u>: At the commencement of this action, and at all times relevant herein, Plaintiff Esteban Moreno was an individual residing in the County of Santa Cruz, State of California. (Exh. A, ¶ 1.) As a resident of California, Plaintiff Esteban Moreno is a citizen of California. At the commencement of this action, and at all times relevant herein, Plaintiff Genoveva Moreno was an individual residing in the County of Santa Cruz, State of California. (Smith Decl., ¶ 9.) As of 1998, when the insurance policy at issue was issued, Genoveva Moreno was a citizen of Mexico and a U.S. lawful permanent resident. (Smith Decl., ¶ 10.)

10. <u>Defendant The Lincoln National Life Insurance Company's Citizenship</u>: Lincoln National is a corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business in the State of Pennsylvania. (Smith Decl., ¶ 3.) Lincoln National is authorized to transact and is transacting the business of insurance in the State of California. (*Ibid.*) For diversity purposes, a "corporation is a citizen both of the state where it was incorporated and the state where it has its primary place of business." *See Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334, 1337 (C.D. Cal. 2004); *see also* 28 U.S.C. § 1332(c). Thus, pursuant to 28 U.S.C. section 1332, subd. (c), Lincoln National is a citizen of the States of Indiana and Pennsylvania.

11. <u>Defendants Chubb Life Insurance Company Of America and Jefferson Pilot Financial Insurance Company's</u> <u>Citizenship</u>: Chubb Life has merged into Jefferson Pilot, which has merged into Lincoln National. (Smith Decl., ¶¶ 4-6.) Accordingly, both Chubb Life and Jefferson Pilot are part of Lincoln National, which as set forth above in Paragraph 15, is a corporation duly organized and existing under the laws of the State of Indiana with its principal place of business in the State of Pennsylvania, and which is authorized to transact and is transacting the business of insurance in the State of California. Thus, pursuant to 28 U.S.C. section 1332, subd. (c), both Chubb Life and Jefferson Pilot are citizens of the States of Indiana and Pennsylvania.

12. <u>Defendant Lincoln Financial Group's "Citizenship:"</u> "Lincoln Financial Group" is not a legal entity. "Lincoln Financial Group" is the marketing name used by Lincoln National Corporation and insurance company affiliates, including Lincoln National and in New York, Lincoln Life & Annuity Company of New York . (Smith Decl., ¶ 7.) Thus, this Defendant should be disregarded in determining whether complete diversity exists between the parties.

13. Complete diversity exists between the parties, as Plaintiffs are citizens of the State of California, while Defendants are citizens of the State of Pennsylvania and/or Indiana.

14. <u>Amount in Controversy (Individual Claims)</u>: The amount in controversy in this action, exclusive of interests and costs, exceeds the sum or value of $75,000. Plaintiffs allege that they are owed not less than $10 million in general damages, $10 million in special damages, treble damages in the amount of $30 million, and exemplary and punitive damages. Plaintiffs also seek attorneys' fees, which may be considered when calculating the amount in controversy. (Exh. A, p. 10, Prayer for Relief ¶ 5.) *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–1156 (9th Cir. 1998) (where attorney's fees are recoverable by statute or by contract, such fees may

be included in determining the amount in controversy, regardless of whether the fee award is mandatory or discretionary).

15. Thus, the United States District Court for the Northern District of California has original jurisdiction under 28 U.S.C. section 1332 because there is complete diversity of citizenship between the parties, and the required amount in controversy exceeds $75,000.00. To that end, this action is subject to removal under 28 U.S.C. section 1441(a).

16. <u>Divisional Assignment (L.R. 3-5(b))</u>: Per Local Rule 3-2(e), this case should be assigned to the San Jose Division because it arose in Santa Cruz County.

17. <u>Class Action.</u> To the extent that this action is alleged to be a class action, the United States District Court for the Northern District of California also has original subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d)(2), because: (1) Plaintiffs allege $100 million in controversy, plus attorneys' fees (Exh. A, ¶ 59); (2) the number of putative class members exceeds 100 (Smith Decl., ¶ 11); and (3) there is diversity of citizenship between the parties.

## IV. CONCLUSION

Plaintiffs' Complaint alleges claims between citizens of different states, in excess of the jurisdictional limit on the amount in controversy. This Court therefore has original jurisdiction pursuant to 28 U.S.C. § 1332, and removal to this Court is proper pursuant to 28 U.S.C. §§ 1441 and 1446.

In the event that this Court has any questions regarding the appropriateness of this Notice of Removal, Defendant respectfully requests that the Court issue an Order to Show Cause, so that Defendant can have the opportunity to more fully brief the Court as to the basis for its Notice of Removal.

///

///

///

///
///
///
///

**WHEREFORE**, Defendant prays that the state court action be removed from the Superior Court of California, County of Santa Cruz, to this Court.

Dated: November 17, 2023        **GARCIA HERNÁNDEZ SAWHNEY, LLP**

/s/ Geoffrey T. Tong
Geoffrey T. Tong
Alex C. Sears
*Attorneys for Defendant*
THE LINCOLN NATIONAL
LIFE INSURANCE COMPANY